IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MATHIAS DEGEFU ZEWDIE,** | ) ) | No. CV-F-05-399 OWW (No. CR-F-02-5440 OWW) |
| Petitioner, | ) ) ) | **ORDER DIRECTING FEDERAL DEFENDER TO APPOINT COUNSEL TO REPRESENT PETITIONER ZEWDIE AND DIRECTING UNITED STATES TO FILE RESPONSIVE PLEADING** |
| vs. | ) ) ) | |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Respondent. | ) ) ) | |

On March 26, 2005, Petitioner Mathias Degefu Zewdie timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged by Superseding Indictment with conspiracy to possess pseudoephedrine with knowledge or reasonable cause to believe that it would be used to make methamphetamine, and aiding and abetting, and possession of a listed chemical with knowledge or reasonable cause to believe that it would be used to manufacture methamphetamine. Petitioner was charged by Superseding Information with conspiring to aid and

1

abet the manufacture of methamphetamine.  Petitioner pleaded guilty pursuant to a written Plea Agreement to conspiring to aid and abet the manufacture of methamphetamine.  The Plea Agreement specifically provided:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided Title [sic] 21, United States Code, Section 841(b)(1)(A) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

Petitioner was sentenced on March 22, 2004 to 46 months incarceration and 36 months supervised release.  Because Petitioner had waived his right to appeal in the Plea Agreement and during the change of plea proceedings, Petitioner was not advised of his right to appeal, so as not to impair the valid and subsisting waiver, to which his counsel agreed during sentencing.

Petitioner contends that he was denied the effective assistance of counsel because defense counsel, Federal Defender Marc Ament, did not file a Notice of Appeal after Petitioner requested that he do so.  Petitioner asserts that counsel was ineffective because "counsel failed to filed [sic] Notice of

Appeal on sentencing issue, that was in excess of 'satutory maximum' [sic] imposed by the Court," citing *Blakely v. Washington*, 542 U.S. 296 (2004).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court addressed the showings required for a claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal. The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477.

An evidentiary hearing will be required to determine whether counsel failed to file a Notice of Appeal after being requested to do so by Petitioner. *See United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir.2005)(error to dismiss without an evidentiary hearing a Section 2255 motion alleging that the petitioner, who had waived his right to appeal in a plea agreement, specifically told his attorney to file a Notice of Appeal).

For the reasons stated:

1. The Federal Defender is ordered to appoint independent counsel to represent Petitioner in connection with his claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner;

2. The United States is ordered to file a responsive pleading within 30 days of the filing date of this Order to Petitioner's claim of ineffective assistance of counsel because

of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner.

IT IS SO ORDERED.

Dated:   **August 14, 2008**                         /s/ Oliver W. Wanger
                                                        UNITED STATES DISTRICT JUDGE