1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   MATHIAS DEFEGU ZEWDIE,        )        No. CV-F-05-399 OWW
                                  )        (No. CR-F-02-5440 OWW)
10                                )
                                  )        MEMORANDUM DECISION AND
11              Petitioner,       )        ORDER DENYING RESPONDENT'S
                                  )        MOTION TO DISMISS
12         vs.                    )        PETITIONER'S SECTION 2255
                                  )        MOTION AND DIRECTING PARTIES
13                                )        TO SCHEDULE EVIDENTIARY
    UNITED STATES OF AMERICA,     )        HEARING
14                                )
                                  )
15              Respondent.       )
                                  )
16  _____)

17

18       On March 26, 2005, Petitioner Mathias Degefu Zewdie timely

19  filed a motion to vacate, set aside or correct sentence pursuant

    to 28 U.S.C. § 2255.
20
         Petitioner was charged by Superseding Indictment with
21
    conspiracy to possess pseudoephedrine with knowledge or
22
    reasonable cause to believe that it would be used to make
23
    methamphetamine, and aiding and abetting, and possession of a
24
    listed chemical with knowledge or reasonable cause to believe
25
    that it would be used to manufacture methamphetamine.  Petitioner
26

                                    1

was charged by Superseding Information with conspiring to aid and abet the manufacture of methamphetamine.  Petitioner pleaded guilty pursuant to a written Plea Agreement to conspiring to aid and abet the manufacture of methamphetamine.  The Plea Agreement specifically provided:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided Title [sic] 21, United States Code, Section 841(b)(1)(A) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

Petitioner was sentenced on March 22, 2004 to 46 months incarceration and 36 months supervised release.  Because Petitioner had waived his right to appeal in the Plea Agreement and during the change of plea proceedings, Petitioner was not advised of his right to appeal, so as not to impair the valid and subsisting waiver, to which his counsel agreed during sentencing.

Petitioner contends that he was denied the effective assistance of counsel because defense counsel, Federal Defender Marc Ament, did not file a Notice of Appeal after Petitioner requested that he do so.  Petitioner asserts that counsel was

ineffective because "counsel failed to filed [sic] Notice of Appeal on sentencing issue, that was in excess of 'satutory maximum' [sic] imposed by the Court," citing *Blakely v. Washington*, 542 U.S. 296 (2004).

In its "Order Directing Federal Defender to Appoint Counsel to Represent Petitioner Zewdie and Directing United States to File Responsive Pleading," the Court ruled:

> In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court addressed the showings required for a claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal.  The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Id.* at 477.
>
> An evidentiary hearing will be required to determine whether counsel failed to file a Notice of Appeal after being requested to do so by Petitioner.  *See United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir.2005)(error to dismiss without an evidentiary hearing a Section 2255 motion alleging that the petitioner, who had waived his right to appeal in a plea agreement, specifically told his attorney to file a Notice of Appeal).

In the United States' opposition, the United States moves to dismiss the Section 2255 motion as barred by Petitioner's waiver of collateral attack contained within the Plea Agreement.  The United States relies primarily on *United States v. Mabry*, 536 F.3d 231 (3rd Cir.2008) and *Nunez v. United States,* 495 F.3d 544 (7th Cir.2007), *vacated on other grounds*, 128 S.Ct. 2990 (2008).

Both *Mabry* and *Nunez* acknowledge that the Ninth Circuit has

1  not engaged in the analysis posited by those decisions, citing

2  *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir.2005).

3  *Mabry* asserts that the Ninth Circuit's analysis is *Sandoval-Lopez*

4  is "flawed."  536 U.S. at 240.  The Third Circuit held:

> [W]e reject the approach taken by the
> *Campusano* line of cases as not well-reasoned.
> Our reading of the cases indicates that they
> disregard the precise issue before them, and
> us: namely, the validity of the waiver.  They
> seem to hold that waivers of collateral
> attack are automatically invalid because the
> non-waiver cases say that an attorney acts
> unreasonably and prejudice is presumed if he
> fails to file an appeal upon request.  They
> do not resolve the threshold issue of whether
> the waiver of collateral review rights should
> preclude a petitioner from asserting a
> *Flores-Ortega* claim for a reinstated appeal
> in the first place.  Often, they fail to
> address, let alone explain, that there even
> is a waiver of collateral attack ....
>
> We, therefore, will part ways with the
> approach taken by the majority of courts of
> appeals.  Although vacated on other grounds,
> the *Nunez* opinion of the Court of Appeals for
> the Seventh Circuit presents the proper
> focus, namely giving effect to the waiver.
> We will consider the validity of the
> collateral waiver as a threshold issue and
> employ an analysis consistent with other
> waiver cases.  Having already determined that
> Mabry's waiver was knowing and voluntary, we
> now turn to an examination of whether
> enforcing the waiver here would work a
> miscarriage of justice.

536 F.3d at 242.

Although the United States does not cite *Sandoval-Lopez* in
its motion to dismiss, the United States has previously argued to
this Court that *Sandoval-Lopez* is not controlling because
Sandoval-Lopez did not also waive his right to collaterally

4

attack his sentence as did Petitioner in this action.  Respondent asserted:

> The government is not arguing that the motion
> should be dismissed because the defendant
> waived his right to appeal, it is arguing
> that the motion cannot be brought in light of
> the defendant's specific waiver of his right
> to collaterally attack his sentence, a waiver
> bargained for [by] the government in exchange
> for other concessions.

A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied*, 508 U.S. 979 (1993).  The Ninth Circuit ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).  Petitioner made no claim in his Section 2255 motion that the waiver of his right to collaterally attack his conviction and sentence was not knowing and voluntary. Nonetheless, Petitioner's claim that his attorney did not file a notice of appeal after being requested to do so can only be raised in a Section 2255 motion.  Although *Sandoval-Lopez* did not specifically involve a waiver of the right to appeal and a waiver of the right to collaterally attack his conviction and sentence, the Ninth Circuit's holding, when conjoined with the Supreme Court's statement in *Roe v. Flores-Ortega*, 528 U.S. 470, 477

1    **(2000), strongly implies that this claim of ineffective**

2    **assistance of counsel may proceed to the merits, notwithstanding**

3    **waiver issues.**

4        **Given the Ninth Circuit's holding in *Sandoval-Lopez*, the**

5    **United States' reliance on *Mabry* and *Nunez* is misplaced.  This**

6    **Court is required to follow Ninth Circuit precedent, no matter**

7    **how "flawed" the analysis may be.**

8        **For the reasons stated:**

9        **1.  The United States' motion to dismiss Petitioner Zewdie's**

10   **Section 2255 motion is DENIED;**

11       **2.  The parties are directed to prepare a Stipulation and**

12   **Order for the Court's signature setting the date for the**

13   **evidentiary hearing.**

14   IT IS SO ORDERED.

15   **Dated:    December 3, 2008**                  **/s/ Oliver W. Wanger**

16                                         UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26