**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MATHIAS DEGEFU ZEWDIE,** | **)** | **No. CV-F-05-399 OWW** |
| | **)** | **(No. CR-F-02-5440 OWW)** |
| | **)** | |
| | **)** | **MEMORANDUM DECISION AND** |
| **Petitioner,** | **)** | **ORDER DENYING PETITIONER'S** |
| | **)** | **MOTION TO VACATE, SET ASIDE** |
| **vs.** | **)** | **OR CORRECT SENTENCE PURSUANT** |
| | **)** | **TO 28 U.S.C. § 2255 AS MOOT** |
| | **)** | **AND DIRECTING CLERK OF COURT** |
| **UNITED STATES OF AMERICA,** | **)** | **TO ENTER JUDGMENT FOR** |
| | **)** | **RESPONDENT AND TO CLOSE THIS** |
| | **)** | **CASE** |
| **Respondent.** | **)** | |
| | **)** | |
| | **)** | |

**Petitioner Mathias Degefu Zewdie timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.**

**Petitioner was charged by Superseding Indictment with conspiracy to possess pseudoephedrine with knowledge or reasonable cause to believe that it would be used to make methamphetamine, and aiding and abetting, and possession of a listed chemical with knowledge or reasonable cause to believe**

that it would be used to manufacture methamphetamine.  Petitioner

was charged by Superseding Information with conspiring to aid and

abet the manufacture of methamphetamine.  Petitioner pleaded

guilty pursuant to a written Plea Agreement to conspiring to aid

and abet the manufacture of methamphetamine.  The Plea Agreement

specifically provided:

> The defendant is aware that Title 18, United
> States Code, Section 3742 affords a defendant
> the right to appeal the sentence imposed.
> Acknowledging this, the defendant knowingly
> waives the right to appeal his conviction or
> any sentence (or the manner in which that
> sentence was determined) which is in
> accordance with the maximum provided Title
> [sic] 21, United States Code, Section
> 841(b)(1)(A) on the grounds set forth in
> Title 18, United States Code, Section 3742 or
> on any ground whatever, in exchange for the
> concessions made by the United States in this
> plea agreement.  The defendant also waives
> his right to challenge his conviction,
> sentence or the manner in which it was
> determined in any post-conviction attack,
> including but not limited to a motion brought
> under Title 28, United States Code, Sections
> 2241 or 2255.

Petitioner was sentenced on March 22, 2004 to 46 months

incarceration and 36 months supervised release.  Because

Petitioner had waived his right to appeal in the Plea Agreement

and during the change of plea proceedings, Petitioner was not

advised of his right to appeal, so as not to impair the valid and

subsisting waiver, to which his counsel agreed during sentencing.

Petitioner contends that he was denied the effective

assistance of counsel because defense counsel, Federal Defender

Marc Ament, did not file a Notice of Appeal after Petitioner

requested that he do so.  Petitioner asserts that counsel was ineffective because "counsel failed to filed [sic] Notice of Appeal on sentencing issue, that was in excess of 'satutory maximum' [sic] imposed by the Court," citing *Blakely v. Washington*, 542 U.S. 296 (2004).

Because, pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), an evidentiary hearing  was required to determine whether counsel failed to file a Notice of Appeal after being requested to do so by Petitioner, the Court appointed Carolyn Phillips to represent Petitioner and directed the parties to schedule the evidentiary hearing.

Ms. Phillips has filed a Status Report in which she avers that Petitioner has been released from custody; that Petitioner is a citizen of Canada; and that neither she, Federal Probation, nor a private investigator retained by Ms. Phillips have been able to locate Petitioner either in the United States or in Canada.

Because Ms. Phillips has been unable to locate Petitioner, Petitioner is not available to testify in support of his claim that defense counsel did not file a Notice of Appeal after being requested to do so by Petitioner.  Consequently, Petitioner cannot sustain his burden of proof that he was denied the effective assistance of counsel.  Under these circumstances, Petitioner's Section 2255 motion is moot.

For the reasons stated:

1.   Petitioner Mathias Degefu Zewdie's motion to vacate, set

**aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED**

**AS MOOT;**

    **2.   The Clerk of the Court is directed to enter JUDGMENT FOR**

**RESPONDENT and to close this case.**

IT IS SO ORDERED.

**Dated:   March 16, 2009**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE